UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHISH S. PANDYA,

                Plaintiff,

-against-

SECURITIES AND EXCHANGE COMMISSION,

                Defendant.

1:23-cv-11180 (JLR)

ORDER OF DISMISSAL

JENNIFER L. ROCHON, United States District Judge:

    Ashish S. Pandya ("Plaintiff") brings this action *pro se* against the Securities and Exchange Commission ("SEC"). For the reasons set forth below, the Court dismisses the action *sua sponte*, with leave to amend within 30 days.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim on which relief may be granted, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted), *abrogated on other grounds, Murphy v. Hughson*, 82 F.4th 177 (2d Cir. 2023).

    The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). District courts generally should grant a self-represented plaintiff an opportunity to amend a

complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim. . . ." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

## BACKGROUND

Plaintiff alleges that the events that are the bases for his claims involve "[p]ersonal [p]roperty information and business," and that they occurred between October 1, 2018, and December 14, 2023; he does not specify where those alleged events occurred. ECF No. 1 ("Compl." or the "Complaint") at 6.

Plaintiff also alleges that he is a member of "Miash Holdings LLC" and that the Complaint is based on "18 U.S.C. § 242 due process rights as the vast reach of the block assistance in obtaining adequate legal representation." *Id.* Plaintiff also alleges that he "was put in the SEC v. Ripple case"[1] and that "the SEC used . . . entrapment." *Id.* Plaintiff further alleges that he was "falsely accused of fraud . . . . when the lawsuit was first brought." *Id.* Plaintiff alleges that "the SEC ha[s] been making things up and projecting [its] agenda . . . in [its] pursuit of regulating the crypto market." *Id.* at 6-7. Plaintiff further alleges that in the SEC's "endeavor to [regulate the crypto market], the SEC has created no clarity in the market and in turn has create[d] more confusion in the market." *Id.* at 7. Plaintiff alleges that that this "put [him] and [his family] in harm['s] way. *Id.*"

Plaintiff states that he has "been publicly humiliated by the agency and ha[s] had to undergo discrimination and gaslighting and [has been] called defamatory things like being

---

[1] Plaintiff appears to refer to *Securities and Exchange Commission v. Ripple Labs Inc. et al.*, Case No. 20-cv-10832 (S.D.N.Y.), which is assigned to Judge Torres. Plaintiff and his company, Miash Holdings LLC, are not parties to that case.

delusional." *Id.* He seeks $30 million "for the injustice that was conducted [against] me and my family and the defamation pain and suffering and public humiliation I have endured from the agency['s] gros[s] overreach and I have facts to support my claims." *Id.*

## DISCUSSION

### I. Claims on Behalf of Other Entities

Plaintiff appears to assert claims on behalf of Miash Holdings LLC, a limited liability company, as well as claims on behalf of members of his family. To the extent that Plaintiff asserts such claims, the Court must dismiss them. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other artificial entities to appear in court without an attorney, *id.*; *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Plaintiff does not allege that he is an attorney, and he alleges that Miash Holdings LLC is a limited liability company, not a sole proprietorship. Thus, to the extent that Plaintiff asserts claims on behalf of Miash Holdings LLC and/or members of his family, the Court dismisses those claims without prejudice.

## II. Private Prosecution

Plaintiff appears to seek the criminal prosecution of others pursuant to 18 U.S.C. § 242. The Court must dismiss those claims. Plaintiff cannot initiate a prosecution in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of anyone, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (citation omitted)).

## III. Sovereign Immunity

The Court must dismiss Plaintiff's own claims against the SEC under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing suits against the federal government, including suits against any part of the federal government, such as a federal agency, like the SEC, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."); *Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir. 1983) ("Every count of . . . [the] complaint . . . alleges a claim against the SEC, thus raising a threshold issue involving the

4

axiomatic proposition that the United States and federal agencies are immune from suit unless Congress has expressly waived sovereign immunity.").

The Federal Tort Claims Act ("FTCA") provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal . . . agencies." *Holliday v. Augustine*, No. 3:14-cv-00855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015); *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991). The Court therefore construes Plaintiff's claims for damages against the SEC as ones brought under the FTCA against the United States of America.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a FTCA claim for damages in a federal district court, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675. A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion

requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

Although the FTCA permits certain types of tort claims based on the actions of federal law enforcement officers, that provision does not apply to claims of defamation.[2] Thus, to the extent that Plaintiff asserts, under the FTCA, damages claims for defamation (including claims of libel and slander), the Court dismisses those claims against the SEC and the United States of America under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Presidential Gardens Assocs. v. United States ex rel. Sec. of HUD*, 175 F.3d 132, 139 (2d Cir. 1999) ("The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction").

In addition, inasmuch as Plaintiff asserts, under the FTCA, damages claims against the United States of America that are not specifically prohibited by Section 2680(h), Plaintiff has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal governmental entity for damages and received a final written determination before bringing this

---

[2] The FTCA's waiver of sovereign immunity does not apply to:

> [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).

action, nor has he alleged facts showing that it has been more than six months since he has filed such an administrative claim. The Court therefore dismisses any of Plaintiff's remaining claims under the FTCA against the SEC and the United States of America under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## IV. Leave to Amend

The Court grants Plaintiff leave to amend the Complaint in accordance with the guidance set forth above. Specifically, Plaintiff may amend the Complaint only as to causes of action brought on his own behalf, and must specifically set forth the grounds upon which sovereign immunity has been abrogated with respect to his claims.

## CONCLUSION

The Court dismisses the Complaint for the reasons set forth above. However, the Court grants Plaintiff leave to amend the Complaint within 30 days from the date of this order. Should Plaintiff require additional time to amend the Complaint, the Plaintiff must request additional time in advance of the deadline, or the Court will dismiss the action in its entirety.

Dated: January 12, 2024
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge