UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHISH S. PANDYA,<br><br>                          Plaintiff,<br><br>      -against-<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                          Defendant. | Case No. 1:23-cv-11180 (JLR)<br><br>**ORDER DENYING MOTION TO REQUEST PRO BONO COUNSEL AND TO COMPEL DISCOVERY** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff has filed a motion to request pro bono counsel and to compel discovery. Dkt. 27. For the following reasons, Plaintiff's motion is denied.

### LEGAL STANDARD

The *in forma pauperis* ("IFP") statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff is not proceeding IFP and has paid the requisite filing fee in full. In his motion to request pro bono counsel, Plaintiff has not indicated that his financial status has changed. *See generally* Dkt. 27. Plaintiff has therefore not provided sufficient information to satisfy the threshold requirement of indigence. In any case, the SEC has filed a strong motion to dismiss and the Court does not find that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62.

Moreover, the Court finds that Plaintiff's motion to compel discovery is premature. "Before Plaintiff may seek judicial intervention, . . . the parties must confer on a discovery plan,"

"Plaintiff must serve written discovery demands on Defendants," and "the parties must make good-faith efforts to resolve any discovery disputes that may arise." *Rajapakse v. Shaw*, No. 20-cv-10473 (VEC), 2021 WL 965326, at *2 (S.D.N.Y. Mar. 15, 2021) (citing Fed. R. Civ. P. 26(d); Fed. R. Civ. P. 37(a)(1); Local Civil Rule 37.2). Plaintiff's motion does not demonstrate that these prerequisites for judicial intervention have been satisfied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for pro bono counsel and to compel discovery is DENIED. The Clerk of Court is respectfully requested to terminate the motion pending at Dkt. 27.

Dated: December 26, 2024
       New York, New York

SO ORDERED

_____
JENNIFER L. ROCHON
United States District Judge